IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE CONAGRA PEANUT BUTTER PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1845<br>1:07-md-1845-TWT |
| KIMBERLY ABRAHAM individually and as next friend of Autumn Abraham, a minor, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>CONAGRA FOODS, INC.,<br><br>   Defendant. | CIVIL ACTION FILE<br>NO. 1:09-CV-2844-TWT |
| LAMONT ANDERSON an individual, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>CONAGRA FOODS, INC., a Delaware corporation,<br><br>   Defendant. | CIVIL ACTION FILE<br>NO. 1:09-CV-1545-TWT |
| WENDY JOAN AHRENS an individual, et al.,<br><br>   Plaintiffs,<br><br>   v. | CIVIL ACTION FILE<br>NO. 1:08-CV-3693-TWT |

| | |
|---|---|
| CONAGRA FOODS, INC., a Delaware corporation, et al.,<br><br>   Defendants.<br><br>CARLOS M. ANDREWS through his guardian ad litem, Tiffany K. Searcy, et al.,<br><br>   Plaintiffs,<br><br>     v.<br><br>CONAGRA FOODS, INC., a Delaware corporation, et al.,<br><br>   Defendants. | CIVIL ACTION FILE<br>NO. 1:07-CV-3058-TWT |

ORDER

This is a personal injury action. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 2128], which is GRANTED as to the following plaintiffs:

| Case Caption | Plaintiff Name | Case Number |
|---|---|---|
| Abraham | Bryant, Edna Mae | 1:09-CV-02844 |
| Abraham | Davis, Aaron | 1:09-CV-02844 |
| Ahrens | Ahrens, Wendy Joan | 1:08-CV-03693 |
| Ahrens | Crumbley, Patricia Lynn | 1:08-CV-03693 |
| Ahrens | Warren, Deborah Griswold | 1:08-CV-03693 |
| L. Anderson | Garrison, Terry Wade | 1:09-CV-01545 |

| L. Anderson | McClain, Vicki L. | 1:09-CV-01545 |
| C. Andrews | Hendrix, Thelma Lucille | 1:07-CV-03058 |
| C. Andrews | Park, Patsy Lee | 1:07-CV-03058 |
| C. Andrews | Sinyard, Mary Lynn | 1:07-CV-03058 |
| C. Andrews | Smith, Patricia Sutton | 1:07-CV-03058 |

## I. Introduction

This case arises out of Defendant ConAgra's 2007 recall of Peter Pan and Great Value peanut butter, after the CDC and FDA reported an association between these products and Salmonella Tennessee. Each jar of recalled peanut butter had a product code stamped on its lid beginning with the numbers 2111. The 2111 designation indicates that the peanut butter was manufactured by ConAgra at its Sylvester, Georgia plant. The remaining numbers in the product code indicate the date, time, and manufacturing line on which the jar of peanut butter was manufactured. During discovery, each plaintiff provided ConAgra with the lid code from the allegedly contaminated peanut butter that he consumed and information about when his symptoms began. Some plaintiffs submitted information showing that their symptoms began before the allegedly contaminated peanut butter was manufactured. ConAgra moves for summary judgment against these plaintiffs on causation grounds.

## II. Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 Other references(c).  The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.  <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257 (1986).

### III.  <u>Discussion</u>

The Plaintiffs say that they were injured by eating contaminated peanut butter.  However, the undisputed evidence shows that ConAgra's peanut butter could not have caused the Plaintiffs' alleged injuries because the allegedly contaminated peanut butter was manufactured after the Plaintiffs' symptoms began.

Plaintiff Edna Bryant says that she became ill in September 2006.  Bryant Fact Sheet at 1-2.  She says that the jars of peanut butter from which she ate both

bore the lid code 21117003001448B. Id. at 4-5. This lid code indicates that the peanut butter in the jar was manufactured on January 3, 2007. Peanut butter manufactured in January 2007 could not have made Bryant sick in September 2006.

Similarly, Plaintiff Aaron Davis says that he became ill in April 2006. Davis Fact Sheet at 1-2. He says that the jars of peanut butter from which he ate both bore the lid code 211162410000947A. Id. at 4-5. This lid code indicates that the peanut butter in the jars was manufactured on August 29, 2006. Peanut butter manufactured in August 2006 could not have made Davis sick in April 2006.

Likewise, Plaintiff Wendy Ahrens says that she became ill on October 5, 2006, and sought medical treatment one week later. Ahrens Fact Sheet at 1-2. She says that the jar of peanut butter from which she ate bore the lid code 21116355001612B. Id. at 4-5. This lid code indicates that the peanut butter in the jar was manufactured on December 21, 2006. Peanut butter manufactured in December 2006 could not have made Ahrens sick in October 2006.

Plaintiff Patricia Crumbley says that she became ill in July 2006. Crumbley Fact Sheet at 1-2. She says that the jars of peanut butter from which she ate bore the lid codes 21116337001707A and 21117017002331A. Id. at 4-5. These lid codes indicate that the peanut butter in the jars was manufactured on December 3,

2006, and January 17, 2007. Peanut butter manufactured then could not have made Crumbley sick in July 2006.

Likwise, Plaintiff Deborah Warren says that she became ill in "early 2005." Warren Fact Sheet at 1-2. She says that the jar of peanut butter from which she ate bore the lid code 21116124001. Id. at 4-5. This lid code indicates that the peanut butter in the jar was manufactured on May 4, 2006. Peanut butter manufactured in 2006 could not have made Warren sick in early 2005.

Similarly, Plaintiff Terry Garrison says that he became ill on October 13, 2006. Garrison Fact Sheet at 1-2. He says that the jar of peanut butter from which he ate bore the lid code 21116337001707C. Id. at 4-5. This lid code indicates that the peanut butter in the jar was manufactured on December 3, 2006. Peanut butter manufactured in December 2006 could not have made Garrison sick in October 2006.

Plaintiff Vicki McClain also says that she became ill in October 2006. McClain Fact Sheet at 1-2. She says that the jar of peanut butter from which she ate bore the lid code 21116346002353C. Id. at 4-5. This lid code indicates that the peanut butter in the jar was manufactured on December 12, 2006. Peanut butter manufactured in December 2006 could not have made McClain sick in October 2006.

Plaintiff Thelma Hendrix says that she became ill on September 2006. Hendrix Fact Sheet at 1-2. She says that the jar of peanut butter from which she ate bore the lid code 21116341000417A. Id. at 4-5. This lid code indicates that the peanut butter in the jar was manufactured on December 7, 2006. Peanut butter manufactured in December 2006 could not have made Hendrix sick in September 2006.

Similarly, Plaintiff Patsy Park says that she became ill in October 2006. Park Fact Sheet at 1-2. She says that the jars of peanut butter from which she ate bore the lid codes 211163470022010 and 211163470022100. Id. at 4-5. These lid codes indicate that the peanut butter in the both jars was manufactured on December 13, 2006. Peanut butter manufactured in December 2006 could not have made Park sick in October 2006.

Likewise, Plaintiff Mary Sinyard says that she became ill in April 2006. Sinyard Fact Sheet at 1-2. She says that the jar of peanut butter from which she ate bore the lid code 21116341002347C. Id. at 4-5. This lid code indicates that the peanut butter in the jar was manufactured on December 7, 2006. Peanut butter manufactured in December 2006 could not have made Sinyard sick in April 2006.

Finally, Plaintiff Patricia Smith says that she became ill in August 2006. Smith Fact Sheet at 1-2. She says that the jar of peanut butter from which she ate

bore the lid code 21116348001750A. Id. at 4-5. This lid code indicates that the peanut butter in the jar was manufactured on December 14, 2006. Peanut butter manufactured in December 2006 could not have made Smith sick in August 2006.

In each of these cases, the plaintiffs cannot establish causation. Therefore, ConAgra is entitled to summary judgment.

## IV.   Conclusion

For the reasons stated above, the Defendant's Motion for Summary Judgment [Doc. 2128] is GRANTED.

SO ORDERED, this 14 day of February, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge