IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE CONAGRA PEANUT BUTTER PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1845<br>1:07-md-1845-TWT |
| WENDY JOAN AHRENS<br>an individual, et al.,<br>    Plaintiffs,<br>        v.<br>CONAGRA FOODS, INC.,<br>a Delaware corporation, et al.,<br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:08-CV-3693-TWT |
| LAMONT ANDERSON<br>an individual, et al.,<br>    Plaintiffs,<br>        v.<br>CONAGRA FOODS, INC., a Delaware corporation,<br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:09-CV-1545-TWT |
| KIMBERLY ABRAHAM<br>individually and as next friend of Autumn Abraham, a minor, et al.,<br>    Plaintiffs,<br>        v. | CIVIL ACTION FILE<br>NO. 1:09-CV-2844-TWT |

| CONAGRA FOODS, INC.,<br><br>   Defendant. | |
|---|---|
| CARLOS M. ANDREWS<br>through his guardian ad litem, Tiffany K. Searcy, et al.,<br><br>   Plaintiffs,<br><br>     v.<br><br>CONAGRA FOODS, INC.,<br>a Delaware corporation, et al.,<br><br>   Defendants. | CIVIL ACTION FILE<br>NO. 1:07-CV-3058-TWT |

## ORDER

These are personal injury actions. They are before the Court on the Defendant's Motion for Summary Judgment [Doc. 2114], which is GRANTED as to the following Plaintiffs:

| Caption | Plaintiff Name | Case No. |
|---|---|---|
| Abraham | Dubard, Paisley | 1:09-cv-2844-TWT |
| Abraham | Ray, Barbara | 1:09-cv-2844-TWT |
| Abraham | Simpson, Robert | 1:09-cv-2844-TWT |
| Abraham | Smith, Johnny Z. | 1:09-cv-2844-TWT |
| Abraham | Williams, Bobby | 1:09-cv-2844-TWT |
| Ahrens | Smith, Mike S. | 1:08-cv-3693-TWT |

| Ahrens   | Smith, Scott D.      | 1:08-cv-3693-TWT |
| Ahrens   | Wilds, John Glenn    | 1:08-cv-3693-TWT |
| Ahrens   | Zacker, Joseph Lloyd | 1:08-cv-3693-TWT |
| Anderson | Casey, Joada         | 1:09-cv-1545-TWT |
| Andrews  | Kirby, William M.    | 1:07-cv-3058-TWT |

## I. Introduction

This case arises out of Defendant ConAgra's 2007 recall of Peter Pan and Great Value peanut butter, after the CDC and FDA reported an association between these products and Salmonella Tennessee. After the recall, some consumers sued ConAgra, alleging that they contracted Salmonellosis, a bacterial infection caused by Salmonella Tennessee, after eating Peter Pan or Great Value peanut butter. The lawsuits were consolidated in this Court for pretrial proceedings. During discovery, ConAgra asked the Plaintiffs to provide the product code for the peanut butter that allegedly caused their illness. It also asked the Plaintiffs whether they submitted a blood, urine, or stool sample to a doctor for testing. Because the symptoms of Salmonellosis are similar to those of other common gastrointestinal illnesses, these samples are important in determining causation. Some of the Plaintiffs did not know their peanut butter's product code and did not visit the doctor or submit a blood, urine, or stool sample. ConAgra now moves for summary judgment against these Plaintiffs on causation grounds.

## II.  Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III.  Discussion

To prove causation, each plaintiff must show that it is more likely than not that contaminated peanut butter caused his illness.  One way to show that peanut butter is contaminated with Salmonella is to test the peanut butter itself.  The fact that the peanut butter was recalled does not mean that it was contaminated.  In fact, most of the recalled peanut butter was free of Salmonella contamination.  For example, post-recall testing of 1,340 jars of peanut butter thought by potential claimants to have caused illness yielded a positive rate for Salmonella of less than two percent.  In Re

<u>ConAgra Peanut Butter Products Liability Litigation</u>, 251 F.R.D. 689, 691 (N.D. Ga. 2008). Undistributed product tested by the FDA showed even lower rates of contamination. <u>Id.</u>

Absent direct evidence of contamination, a plaintiff may use circumstantial evidence to show that he ate contaminated peanut butter. For example, he could show that the peanut butter was manufactured at the Sylvester plant during the outbreak period, thereby increasing the likelihood of contamination. Or he could provide medical records showing that he contracted Salmonellosis shortly after eating the peanut butter.

The Plaintiffs identified above do neither. First, they cannot show that the peanut butter they ate was manufactured by ConAgra at the Sylvester plant during the outbreak period. Each jar of peanut butter has a product code stamped onto the lid of the jar. The first four numbers identify where the jar of peanut butter was manufactured. The remaining numbers identify the date, time, and manufacturing line on which the jar of peanut butter was manufactured. Some Plaintiffs provided product codes not covered by the ConAgra recall. (Def.'s Mot. for Summ. J., Ex. 1 ("4530000278").) Other Plaintiffs say that they do not know any numbers from the product code on their peanut butter. <u>Id.</u> Still others say that the product codes on their peanut butter began with 2111 but do not know the remaining numbers. <u>Id.</u> Without

these numbers, which indicate where and when the peanut butter was manufactured, it is still impossible to know whether the peanut butter was at risk of contamination.

Second, the Plaintiffs do not provide enough evidence to show that they contracted Salmonellosis shortly after eating the peanut butter. A positive blood, urine, or stool sample is the best way to show that Salmonella Tennessee caused a plaintiff's illness. This is because the symptoms of Salmonellosis – usually diarrhea, abdominal cramps, and fever – are more commonly associated with viruses, parasites, fungi, other bacteria, toxins, and chronic diseases. (Def.'s Mot. for Summ. J., Ex. 6 at 4-10.) Accordingly, symptoms alone are typically not enough to permit a reliable diagnosis absent other circumstantial evidence that the plaintiff consumed contaminated peanut butter. (Def.'s Mot. for Summ. J., Ex. 6 at 4.) None of the Plaintiffs here provide evidence of a positive blood, urine, or stool culture, and none offer any other circumstantial evidence supporting causation in response to ConAgra's Motion for Summary Judgment. Without more, no reasonable jury could find that it is more likely than not that contaminated peanut butter caused their illnesses. Accordingly, ConAgra is entitled to summary judgment against the Plaintiffs identified above.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion for Summary Judgment [Doc. 2114] is GRANTED.

SO ORDERED, this 17 day of March, 2011.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge