IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE CONAGRA PEANUT BUTTER PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1845<br>1:07-md-1845-TWT |
| KIMBERLY ABRAHAM individually and as next friend of Autumn Abraham, a minor, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CONAGRA FOODS, INC.,<br><br>  Defendant. | CIVIL ACTION FILE<br>NO. 1:09-CV-2844-TWT |
| KEITH ANDERSON, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CONAGRA FOODS, INC.,<br><br>  Defendant. | CIVIL ACTION FILE<br>NO. 1:09-CV-756-TWT |
| LAMONT ANDERSON an individual, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CONAGRA FOODS, INC., a Delaware corporation, | CIVIL ACTION FILE<br>NO. 1:09-CV-1545-TWT |

|  |  |
|---|---|
| Defendant. | |
| STEVEN R. WALKER<br>an individual,<br>    Plaintiff,<br>        v.<br>CONAGRA FOODS, INC.,<br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:09-CV-733-TWT |
| CARLOS M. ANDREWS<br>through his guardian ad litem, Tiffany<br>K. Searcy, et al.,<br>    Plaintiffs,<br>        v.<br>CONAGRA FOODS, INC.,<br>a Delaware corporation, et al.,<br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:07-CV-3058-TWT |

ORDER

These are personal injury actions. They are before the Court on the Defendant's Motion for Summary Judgment [Doc. 2148], which is DENIED without prejudice.

I. Introduction

This case arises out of Defendant ConAgra's 2007 recall of Peter Pan and Great Value peanut butter, after the CDC and FDA reported an association between these products and Salmonella Tennessee. After the recall, many consumers sued ConAgra, alleging that they contracted salmonellosis, a bacterial infection caused by Salmonella Tennessee, after eating Peter Pan or Great Value peanut butter. The lawsuits were consolidated by the MDL Panel in this Court for pretrial proceedings. During discovery, ConAgra asked the plaintiffs whether they submitted a blood, urine, or stool sample. Because the symptoms of salmonellosis are similar to those of other common gastrointestinal illnesses, these samples are important in determining causation. Some of the plaintiffs submitted blood, urine, or stool samples that tested negative for Salmonella. ConAgra now moves for summary judgment against these plaintiffs on causation grounds.

## II.  Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show

the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257 (1986).

### III.  <u>Discussion</u>

To prove causation, each plaintiff must show that it is more likely than not that contaminated peanut butter caused his illness.  A positive blood, urine, or stool sample is the best way to show that Salmonella Tennessee caused a plaintiff's symptoms.  This is because the symptoms of salmonellosis – usually diarrhea, abdominal cramps, and fever – are also commonly associated with viruses, parasites, fungi, other bacteria, toxins, and chronic diseases.  Here, each of the plaintiffs submitted a blood, urine, or stool sample that tested negative for Salmonella.  However, without the plaintiffs' individual medical records, it is unclear when the sample was taken and whether there is a scientific or medical explanation - other than another illness - for a negative test.  Therefore, ConAgra is not entitled to summary judgment before individual discovery on plaintiffs' medical records is complete.  Accordingly, ConAgra's Motion for Summary Judgment is denied without prejudice, and may be refiled upon remand.

### IV.  <u>Conclusion</u>

For the reasons stated above, the Defendant's Motion for Summary Judgment [Doc. 2148] is DENIED without prejudice.

SO ORDERED, this 22 day of March, 2011.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge